Thank you Taylor Thank you, Your Honor and good morning Mr. Harrison's criminal history rage was increased because his pre sentencing report contained a state predicate offense for driving without a license in North Carolina prior to receiving His pre sentencing report. Mr. Harrison had no knowledge of this predicate offense And he has consistently maintained that he didn't commit it. He wasn't aware of any merits hearing and he didn't attend any such hearing He also didn't have right of counsel at any hearing Mr. Harrison was sent after. Mr. Harrison was sentenced. He worked diligently to vacate this conviction Which he ultimately achieved in August of 2011 Shortly thereafter. Mr. Harrison filed his numerically second 2255 motion Seeking to be resentenced in light of his vacated predicate offense and the district court summarily denied Mr. Harrison's motion as an improper second or successive motion under 2255 Mr. Harrison's Numerically second 2255 motion is not second or successive Because the basis for this motion did not ripen until his state conviction had been vacated in This court, it's well settled law that not every numerically second petition is considered second or successive under 2255 And Even more to the point this court has also held that a numerically second motion is not second or successive when the claim for the subsequent motion fails to arise until after the first 2255 motion is filed and Actually the government admits this in its briefing The government specifically says on page 22 and 23 of their brief That when the basis for the claim was not right at the time of the first petition The motion is not considered second or successive and that's what we have here your honor. Mr Harrison's claim did not ripen until his state predicate offense was vacated. But before we get to that didn't appellant waive this in the plea agreement As an initial matter your honor the government has waived its right to assert this plea waiver defense Because it failed to do so at the earliest What if we find that the government didn't waive The waiver argument in that case your honor the appeal waiver does not apply to mr Harrison's current appeal for three key reasons The first is that this court has refused to enforce appeal appeal waivers in cases that involve errors that the dead defendant could not have reasonably foreseen When the plea agreement was executed in mr. Harrison's case, he signed his plea agreement in February of 2002 at the time He signed this agreement. Mr. Harrison could not reasonably have foreseen that a predicate offense of which he had no knowledge of and has maintained that He was never convicted of didn't know anything about a hearing didn't attend a hearing would be used against him to enhance the sentence Mr. By the time of sentencing he was aware of it. He was your honor, which was six months later so there was a six-month gap between when he signed the Plea agreement and when he received his pre-sentencing report, which is his first notification of this state predicate offense In short your honor, it's just not reasonably foreseeable. He moved with draw. I'm sorry your honor. He moved to withdraw the Plea he did not your honor, but he did challenge the predicate offense at his hearing he said that he didn't commit the offense and Was not successful in that challenge But you know also at his plea in his sentencing It was a little confusing as to whether he had the right to appeal a sentence or not at the very end of his sentencing The district court did say you have a right to appeal My judgment that you're entitled to appeal the court's judgment Which is similar to what happened to the defendant in the United States mannequin case of this court where mr Mannequin had a broad appeal waiver and his plea agreement But at the end of the rule 11 hearing and then again at the end of sentencing the district court told mr Mannequin that he had a right to appeal and that's similar to what happened to mr Harrison here at the end of his sentencing hearing the district court said you're entitled to appeal the court's judgment And given these set these statements at the sentencing hearing that are contrary to the appeal waiver. Mr Harrison could hardly be said to have a knowing way of this, right? Mr. Taylor, I'm going back to judge Gregory's question. What do you think about that? The rule in this circuit? Is That you have to move to withdraw your plea right in order ordinarily to get relief in Circumstances such as these Well, would you agree with that? No, you're right. I don't think it's necessary to do that in this case because well No, I mean generally Not not so much about this case I'm going to ask you about this case But isn't it the rule in this circuit that if if you sign a plea waiver an appeal waiver and a plea agreement? and then something surfaces between the time of the plea and the and the sentencing Is the rule in the circuit pretty pretty much that you've got to move to withdraw in order to put yourself in position To challenge something I don't think that's necessarily the case and it's particularly not in the circumstances of mr. Harrison, you know when mr. Harrison was at sentencing his conviction wasn't vacated yet So it would have been very difficult for him to have sought any relief until that conviction is actually vacated And he had to go through a long lengthy process in the state court to accomplish that Many times there's a request to continue the sentencing and there was one granted in this case so that his attorney could do some sort of investigation into this particular conviction the attorney Which I think was a court-appointed Did I I guess investigated that? Mr. Harrison may have been in North Carolina at the time the conviction occurred but didn't do any further Investigation as to whether the conviction was ultimately valid and applied to mr. Harrison, which was hit mr. Harrison's ultimate Contention and to mr. Harrison's credit he filed an ineffective assistance of counsel claim you know in his first 2255 motion saying ineffective assistance for failing to object to the false information that was used to enhance a sentence and again to his credit as a Petitioner was able to work his way through the state forum to ultimately get this conviction vacated Which is something that you know effective lawyer should have been able to have done I also add your honor that this court has also refused to enforce an appeal waiver if Doing so would result in a miscarriage of justice or it would be fundamentally unfair to do so and it would be fundamentally Unfair to allow mr. Harrison to sit in prison for a longer period of time when the basis for a sentence hand enhancement has been vacated that fact No longer exists and in this court's recent decision in Whiteside Which I know judge Gregor and judge Davis wrote the majority or were did the majority for this opinion? the court talked about the concept of fundamental unfairness and Decided that it would be fundamentally unfair not to allow defendant to be resentenced when the district court used a predicate offense to enhance the defendant sentence Under the career offender statute when that predicate offense was later determined not to qualify under that particular statute in Discussing the fundamental unfairness requirements the court also discussed the Supreme Court's decision in Davis Where the Supreme Court determined it would be a miscarriage of justice to allow a defendant to be punished When the conduct at issue is later determined not to be criminal and that's what we have here in mr. Harrison's case his case is even more Unfundamentally unfair than what was presented in Whiteside and and more akin to Davis like mr. Davis. Mr Harrison is being punished by having to sit in a prison longer For a crime that is no longer on his record but a crime that has been successfully vacated through the State Forum and Lastly I'll add your honor in terms of the motion to dismiss issue Mr. Mr. Harrison It in his briefing has also raised as an alternative relief the right to seek a writ of quorum novus And the appeal waiver would not apply to mr. Harrison's writ of quorum novus and the government has never contended that it does While It's true that this court has suggested that quorum novus may not be available when a defendant is imprisoned This court has expressly recognized the quorum novus is available when no other remedy exists and Other circuits have recognized that there shouldn't be an absolute bar to quorum novus if you happen to be imprisoned Especially when relief under 2255 is unavailable and or inadequate So if mr. Harrison cannot seek relief To have to be resentenced in light of this vacated predicate offense under 2255 Then he should be allowed to do so under a writ of quorum novus It's just fundamentally unfair to let a man sit in prison for you know up to two more years For a crime that is no longer on his record, and he's always maintained. He didn't commit The turning back to the second or successive issue your honor this court in Johnson I'm sorry the Supreme Court in Johnson has determined that when a conviction is Predicate offense is vacated That serves to ripen the claim to bring that and again, that's what we have here. The government has not Undermined in any of the precedent from the Fourth Circuit or the Supreme Court But instead relies on a single case from the Seventh Circuit the unthink decision and that's inapplicable to the Fourth Circuit's approach To dealing with second or successive the Seventh Circuit has taken a different perspective on the meaning of second or successive under 2255 they have rejected the idea of incorporating the abuse of the writ standard and tend instead to To interpret second or successive literally and that's contrary to what this court has determined in past precedent Additionally factually unthink is different than mr. Harrison's case Mr. Unthink after his predicate conviction was reduced or vacated Then filed I believe four motions under 2255 and then finally appealing The to the Seventh Circuit the fourth one mr. Harrison after his predicate of conviction was vacated filed one motion the motion that we're here on appeal today Briefly your honor the government has raised a couple of other Technical reasons as to why mr. Harrison should not be allowed to proceed with his appeal the first one is that he is somehow procedurally Defaulted from bringing this claim under the Custis decision from the United States Supreme Court Custis is inapplicable to mr. Harrison's claim it dealt with a defendant that's trying to vacate a state prediction predicate offense through a federal sentencing hearing Mr. Harrison has already done that and Custis held the defendant may challenge a state predicate offense at sentencing if based upon the violation to write a counsel Custis never said that you must do that Or you'll be procedurally barred from later reopening your sentencing after you successfully vacated the conviction through the state forum No court has said that that we're aware of and the government hasn't pointed to any If anything Custis simply opened another door another Avenue to pursue the vaca tour of a predicate offense based on violation of the right to counsel and importantly, I'll note that in Johnson that the Supreme Court where a Defendant At least had a viable claim to reopen his sentencing that conviction was also vacated on the right Violation of the right to counsel and the Supreme Court never said that he was barred under Custis And additionally, I just practically your honor there's a reason why the Custis language is not Mandatory, it would just be incredibly difficult for a federal court Even under the best of circumstances to undermine a state court conviction the best way And the most efficient way to vacate a state predicate offense is through the state forum, which is what mr. Harrison did here Briefly, the government has contended that mr. Harrison doesn't have a claim under 2255 Attempting to mischaracterize. Mr. Harrison's claim is sort of a calculation error under the sentencing guidelines. That's not what we have here Johnson is pretty clear that when you have a vacated predicate offense, you at least have a viable claim under 2255 This is not a case where There was a calculation error by the district court or the district court erred and how it interpreted the predicate offense Whether it should be classified as something in it instead of something else Instead this is an issue where the conviction was completely wiped from. Mr. Harrison's record The Government briefly mentions. Mr. Harrison is under Johnson required to have pursued his state Predicate offense with due diligence. He did so here approximately six months after he the sentence was finalized He followed his first motion state court to attempt to have the state court conviction vacated he filed another motion the state court in 2005 and Didn't hear anything from the state court, even though he had friends and family asked about the issue He was diligent though and continued to pursue the issue filing a third motion in June of 2011 Which the state court finally acknowledged and acted on and ultimately vacated. Mr. Harrison's a predicate offense the government Briefly states with no citation the case law that mr Harrison did not act with due diligence because he did not pursue the claim on the basis of right of counsel in every single motion He filed with the state court That is an unfair standard for a pro se plaintiff. Mr. Harrison You know was always consistent and why his conviction should be vacated which is that he wasn't there. He didn't commit it He wasn't aware of marriage hearing. It's not a jump to say that. He also didn't have right to counsel He worked diligently to get this done Additionally Your honor we have like we've talked briefly about quorum No bus is another way of which. Mr. Harrison can also have a turn of relief and also If the court determines that mr Harrison's claim is second or successive then it should grant him the ability to pursue that under the actual innocence exception under 2255 As this court has said in the Maybach decision you can be actually innocent of a sentence enhancement with the vacated conviction Off of mr. Harrison's record. He is actually innocent of having a career history level of Four instead of three and I believe I have some time for rebuttal. So I appreciate your time. Thank you very much I May have pleased the court. My name is William Miller here on behalf of the United States Petitioners motion is subject to dismissal for several reasons including waiver But I'd like to clarify something in the record at the outset of my argument if I may Petitioners counsel has argued several times in her briefing and here today that the petitioner has Consistently maintained that this prior conviction didn't happen That's simply not true. If you look at the record and I'd call the court's attention to page 79 of the joint appendix This is where the petitioners 2255 motion in the district court appears the motion that was ultimately denied a second or successive That the appeal of which brings us here today And if you look at the first paragraph of that motion The petitioner is describing this prior conviction and what he says is that the petitioner on November 30th 1991 which issued a traffic citation for no operators license and here's the important part the petitioner on April 8th 1992 appeared to face the charge and pled guilty to the charge The court imposed the sentence of six months and imposed a fine of $100 That motion then goes on from there to argue that because he didn't have right to counsel He was able to successfully collaterally attack it But this paragraph here shows that this whole argument of I wasn't there. It wasn't me Somewhere along the line the petitioner realized that it was him and I thought we were here because it's undisputed that now it's been vacated It has been vacated. Okay, so what does it matter whether I'm not? I'm not sure. I'm following you The reason that this is important judge Davis is because even accepting the petitioners view of this rightness exception to the bar on second or successive petitions the Stewart court and the other courts that have Found this kind of thing is accepted from that bar have still required due diligence And so in this case this shows that the petitioners initial challenge in the state court, which was based on I wasn't there It wasn't me was somewhere along the line dropped She just describes this as sort of a long path to getting his conviction vacated Well, what this shows is somewhere along the line he switched paths. This was not about I wasn't there It wasn't me It was a challenge based on right to counsel and that challenge by petitioners own admission It wasn't raised with the state district court until 2011 which is more than eight years after the judgment in the federal case became final and So that diligence requirement that these other courts have imposed in these Rightness cases with vacated convictions comes from Johnson and that's the Supreme Court case and in Johnson the diligence Requirement began when the federal sentence was imposed and in Johnson the court held that 21 months was not sufficient diligence Here the petitioner waited eight years before he brought his claim based on the right to counsel issue And that's just not sufficient diligence even if the petitioners view of the rightness in section is accepted So is it it's diligence and challenging the underlying conviction, correct? Yes, your honor. Okay, and what is the timeline here? The timeline here is that within six months? He filed a motion with the district court and state district court Asserting actual six months of sentencing in federal this case, correct? Filed a motion saying actual innocence. It wasn't me. Okay, and That's the only motion we have in the record There's also a representation in the brief that he filed a second motion in 2005 somewhere along the line though it Apparently became clear to the petitioner that it was in fact him He admits as much in this this subsequent motion. Okay, and he got it. He got it vacated He got it vacated that was based on a motion filed in 2011 on the right to counsel issue. So your argument is that He waited too long to Be aggressive enough to do whatever was necessary to be done to get the conviction vacated The government's argument is that he waited eight years to assert the claim that led to the vacation But you keep saying assert the claim. He couldn't assert the claim until he got it vacated. I'm sorry I didn't mean yeah What I meant was he waited eight years to file the motion with the state court But I thought on the right said he followed the motion six months after since the government's argument here That was a different path. That's on this actual innocence. It wasn't me which clearly based on So you believe that the it wasn't me? theory of vacator is Different from yet was me, but for whatever reason you should vacate it You don't see that. It's just a continuous effort to get a conviction vacate No, but even if the court accepts the defendants version of events, which is motion in 2003 motion in 2005 I thought you were accepting that Characterizes them as all part of one path as opposed to switching paths, right? There's still a gap between 2005 and 2011 2011 is the motion that got this vacated and it was on an entirely different basis And so that's the government's party was represented by council, or did he do it on his own? I believe he was he was pro se in 2011 But as the Johnson court held 21 months for a pro se defendant that wasn't sufficient diligence and here The government's position is he switched paths altogether And once he realized as he represents here that it was me I was the one who was there pleading guilty. He brought an altogether different claim, but he did so see I don't see it as a different claim it You got a conviction I mean if and if you're trying to get it vacated because it was used to enhance I Just don't see it as a separate claim. It's it's it's a claim that I want this conviction vacate And for whatever reason I can come up with or prove But I see your position you think it's I mean do you think he was lying or do you think he just forgot? I mean sometimes I think it was a matter forget about what they were convicted of well And the record shows he had five or six predictions for driving with no driver's license So it could have been a matter of confusion But it's still the point still remains that he didn't bring this claim on right to counsel issues until eight years after the judgment even setting aside the diligence are you know however the government believes that this court should not interpret the Unright claims so broadly to adopt the position taken by the 11th circuit in the Stewart case would essentially render the exceptions in edpa Obsolete in many ways and the reason for that is that there are two exceptions as the court I'm sure is aware for successive petitions in the statute One is for claims that are based on a new rule of constitutional law that's been made retroactive by the Supreme Court and the second is for new evidence that shows innocence of the offense and so if the bar on Successive petitions is expanded to allow for any claim that wasn't ripe or couldn't have been brought before Taken to its logical extension would completely render those exceptions obsolete The 11th circuit has Huh, well your sister in the 7th circuit was right your sister in the circuit was wrong and and that brings me to another clarification to say that the jurisprudence in the 4th circuit and the 7th circuit is Completely opposite on this issue of the rightness exception. It's simply a red herring I mean what petitioner has done is cite a couple of Statements early on that the 7th circuit made about you know abuse of the writ is dead But if you look at the way the 7th circuit has Interpreted EDPA since that time and including in those very cases It's apparent that the 7th circuit also allows this narrow limited exception for certain claims that were Unright at the time that the initial motion was filed And so in fact the Taylor case, which is the case that petitioner holds up as look This is the 4th circuit case that stands in contrast to the 7th circuit case The holding in that case actually cites to a 7th circuit case And so it's just it's just not the case that the 7th circuit is so out of step with all other circuits That being said the 7th circuits Analysis and unthink is the better reasoned approach and the reason is that it hues more closely To the statute for the reasons I was describing earlier There's these two exceptions in 2255 H to say that anytime you have an unright claim You can come back in here would render those completely obsolete and one of those exceptions is for new evidence or new facts That new evidence or new facts by statute has to relate to the offense here the new evidence or facts relate to a Aspect of the sentence and so to expand the unrightness claim to incorporate those types of errors would render 2255 h1 effectively obsolete because you could come in with new evidence as to any part of the criminal matter not just the Evidence of guilt of the offense and so for those reasons the government's position on this first question about whether or not it's a second or successive petition is that that would essentially Broaden this narrow exception for unright claims to too far and that even if you accept that position that the petitioner urges There was a lack of diligence, but but you agree that if we find Stewart persuasive apart from diligence We we hold that this is not Barred right there's another distinction with Stewart that the court views is important. What's that and and Stewart? The predicate conviction was related to a career offender error and here the error is based on a criminal history point and In order to have a cognizable claim under 2255 in these circumstances where the parties agree This is a constitutional sentence and this is a lawful sentence the petitioner has to show that it's otherwise subject to collateral attack and that requires a very high showing which is a Entire process irregular or in ballot and As by the way, I'm sorry to interrupt, but actually I wanted to ask this question we're arguing here over one criminal history point correct and He's already had two reductions in his sentence. That's true your honor, so You look like a pretty good lawyer to me Would you be concerned that you couldn't persuade the district court to give him the same sentence that he's now serving if this actually went back Well, I mean really Perhaps, but that's really not the question. We well Right the question I had and the question he's got 210 months How far along is he by the way? He's probably what he's well over halfway through that, right? And we're talking about what we're talking about what 16 months. I Don't know. Do you know what are we talking about 210 and the range is 188 to 235 so Is that okay? So that would so so the new range would be what one new range would be 188 to 235 to 235 What was the range when he got to 210 210 and 210 was okay. So 210 was the bottom So is there any reasonable possibility? He's going to get anything other than the exact same sentence it There's a reason though. There's a process possibility, but your honors question. I think this possibility judge is going to give him a reduced sentence It's possible he'd be sentenced to 10 is right in the middle of the correct Even if it regardless your honors line of questioning actually supports the government's argument that this is not a cognizable claim under 2250 I understand the Department of Justice Has to do certain things and take certain positions and mitigate certain matters Because sometimes matters are more important than just the single case I do I do understand that and I respect that and that but it does raise some serious questions well, this is an example of that case because the this is an example of a case where you could have gone back before the district court and Got in the same sentence and we wouldn't even be here But I understand the district court rejected it because you objected now you're up before the Fourth Circuit We've had appointed counsel Yada yada yada and The chance that he's going to get anything less than 210 months, even if we rule in his favor here is Shall we say de minimis and that's generous and I agree and I just wonder why sometimes Just to clarify the record in this case the court ruled on the motion without ordering It's not correct. So at the district court, we actually did not take a position So so you're sort of here defending something that you never had a chance to respond to in the district court But it is important for the reasons, you know, your honor recognized, which is that these Barriers to post-conviction claims are important. It's important for the government to enforce, you know edpa and the Concerns for finality no doubt about it, but to your honor's point the fact that the defendant Could have and in fact likely would receive the same sentence shows that this type of case does not present the fundamental mischaracter of justice that's required for a cognizable claim under section 2255 and To sort of take this whole thing out of order just to address some of the petitioners arguments about waiver And the government believes that white side actually supports its position and the reason is that in white side Judge Gregory and writing for the majority was very careful To highlight how me? Yes you your honor the distinguished was careful to Highlight how career offender error is different from other guidelines errors That was part of the the analysis and rationale and why that type of error did justify relief on collateral review And so the government's perspective is that white side in fact supports our position that this is not a cognizable claim Because the error in this case is much more like the ordinary guidelines error that the that the court was very careful to Distinguish from career offender error and white sides Well the waiver of waiver in this case the government, you know admittedly filed an informal brief or that issue wasn't raised But this is not a case where the government Didn't file a brief of taking a position on waiver we did when formal briefing was ordered when both parties augmented their positions and And I wish I had but this is not a case where petitioner was unfairly prejudiced She the petitioner had a response the chance to respond found a response, but we don't require prejudice doing in this context The analysis is whether or not the government explicitly or implicitly Waived and so here the argument would be that the government implicitly waived in an informal brief and responding to an informal I've always been what since I've been on this court. It's really been curious to me how frequently The government does not invoke waiver Can you explain that as an aside Not your own personal practice, but really I've been I mean I was on the district court when this tsunami of appellate waivers You know washed over the federal courts when I was a when I was a prosecutor back in the 80s Nobody ever thought that to demand an appellate waiver As a part of a plea agreement and then little by little You know some offices not necessarily around this circuit, but certainly some offices began to do that and then It became a part of the formal protocol right I mean, it's right there I guess in the US Attorney's Band you must insist on an appellate waiver and in fact you remember we had that case judge Mott's wrote this wonderful opinion in which she said Refusal to to waive appeal could not be a grounds for withholding the third point for acceptance of responsibility Right so that was sort of the extreme that the US Attorney's offices were taking and now I come up to the 4th Circuit happy to be here And I'm sitting on these screen cases And it seems like one or two out of every five the government doesn't even invoke waiver So why put them in the in the plea agreements if you're not going to invoke it I? Can't really speak And we our district is also where the Simmons litigation has originated dare. I even utter that word with a lot So there's all kinds of waiver concerns going on there, so my experience What is the jurisprudential metric we should use since Lack of prejudice that get you there perhaps When should we do it you had an informal briefing and that's what it's important To brief us as to where we should go and as you know waiver should be the first thing you wave pardon the pun You know at us when this when it exists and judge Gregory. I certainly wish I had asserted the way I'm not on that, but I'm someone in terms of what's now to decide this case Why shouldn't that fall the sort of Damocles fall on your neck and to respond to the question The case is cited by the petitioner all involved cases where the government either Explicitly waived or did not file a brief raising the waiver here. We did file a brief raising the waiver We just filed another brief before that, but that brief was essentially replaced by the second brief and so some of the concerns that would inform Situations where the waiver comes in late at the last minute are not present here because the petitioner did have an opportunity to respond to our arguments regarding the appeal waiver So that's our position on waiver, but for the reasons discussed the government would ask that this court Affirm the denial or the dismissal of petitioners motion In this case and if the court doesn't have any further questions, I would yield the balance of my time. Okay. Thank you. Mr Miller, mr. Taylor you have some time Thank You Your Honor We just say that the government didn't say anything about quorum Nova supplying to the appeal waiver So that's certainly still on the tables and alternative a source of relief for mr Harrison if the court believes the waiver would apply to his 2255 motion before the court in the moment and I'll also add that you know because the government sort of sat on its right if you will until Well a couple month a month ago. Did the government respond to? Corn over so in a brief not on the appeal waiver issue. They never asserted that the appeal waiver applied to his writ of quorum Novus And I'll add that. Mr. Harrison, you know has sort of been prejudiced by them sort of sitting on their right if you will I mean he filed his first 2255 motion in 2004 and the government could have you know came into the district court said ah waiver waiver waiver, but you know It let it go through and Mr. Harrison may have a Just case a little bit differently over the preceding 10 years that in the interim I'll also add your honor that In terms of the ripeness issue, you know, the Supreme Court and Johnson has already stated that a claim is not right Until the state predicate offense is vacated. So we're not really expanding When something becomes second or successive I know Johnson didn't deal with second or successive But it certainly dealt with a ripeness issue and it doesn't become ripe until that predicate offense is vacated and I think it's important to note that that Stewart is from the 11th Circuit which May tend to take a more conservative view on rights of prisoners and it's notable that even that they made the determination that This does not constitute second or successive after you've had that when you have a predicate offense vacated That's when the conviction becomes, right? Quickly on due diligence the government's here is making a lawyer's argument for a pro se plaintiff Mr. Harrison In his informal brief actually again states he didn't do it and you know, I'll represent to this correct I speak to mr. Harrison on a weekly basis He's a very active client and every time I speak to him. He tells me he did not commit this offense You know, how did he get it vacated? He ultimately got it vacated on right to counsel. He submitted a motion that says I didn't have counsel at the hearing he doesn't mention in that particular motion one way or another whether he was actually present at the hearing and in the Second 2255 motion that may have been prepared by someone else helping it out helping him out so I sort of questioned the validity of that particular statement and Then the last point your honor and this is to to judge Davis's point on resentencing Look anything's possible But it's certainly up to the government to persuade the district court that he should get the same sentence that he has now and mr Harrison has in light of this vacated offense a right to at least Try that out and I'll add this every time. Mr. Harrison has been resentenced even over the government's objections it's always been at the low end of that particular guideline range and To answer your question just judge Davis. He's actually almost done with his sentence If he sentences reduced to the low end of a new guideline range, he'd be very close. I think of just maybe Six months or so shy of being able to get out of prison. I mean, that's a huge thing to mr. Harrison I mean, that's that's real time to yeah, I didn't mean that I didn't I really didn't mean To suggest that he was there was a foregone conclusion Who knows what rehabilitative activities he's engaged in? Since he was sentenced and who knows what what if any? Weight the district court might give to that so I shouldn't have been as forthright. I guess Oh, no forceful and suggesting that he would get the same sentence No, of course not your honor but but I guess the bigger point is he at least should have the opportunity to try before the district court to see if he Would get a reduced sentence less than 22 months when he went through Frankly an extreme effort to get this conviction vacated on the basis the ultimate basis of right of counsel Unless there any other questions from the court we appreciate your time and we ask that mr. Harrison's Conviction be vacated and remanded to the district court for resentencing Sure What what's your best argument against it Should be that in fact the government did wait well, I I think the most important thing to keep in mind it went about the waiver is That it's just frankly fundamentally unfair to force a man to sit in prison for two more years Potentially up to two more years on a conviction. He didn't commit when he had absolutely no knowledge This conviction was even out there when he signed that plea agreement. This isn't a case where He knew about the conviction, but didn't know it would be used to enhance his sentence. That's a different deal here We have a situation where this man had absolutely no knowledge that this conviction existed. It's just frankly Unfair to let him to be punished for something that he didn't commit. That's that's not what we do here in our justice system All right. Thank you very much. Mr. Taylor. I note that you are court-appointed. I want to especially give you a thanks Thank you your honor and I'll add that this is a case that was worked on by the West Virginia University College of Law Clinic, so this is the work of our students that mr. Rosenberg and I teach. Well, we thank the Academy and it's Able students and I said we couldn't do our work without your help. We appreciate that and likewise. Mr. Miller Appreciate your able representation of the United States. We're going to Come down Greek Council
judges: Roger L. Gregory, Stephanie D. Thacker, Andre M. Davis